**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | |
|---|---|
| **CARLOS DEAN SCOTT,**             ) | |
|             ) | |
|     **Movant,**             ) | |
|             ) | |
| v.             ) | **CIVIL ACTION NO. 1:08-0047** |
|             ) | **(Criminal No. 1:02-00241)** |
| **UNITED STATES OF AMERICA,**             ) | |
|             ) | |
|     **Respondent.**             ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Movant, acting *pro se* and incarcerated at FCC Oakdale, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on January 18, 2008.[1] (Document No. 507.) By Standing Order, Movant's Motion was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 515.)

**FACTUAL AND PROCEDURAL BACKGROUND**

Movant and co-defendants were charged in a Sixteen-Count Indictment filed on October 31, 2002. (Criminal Action No. 1:02-0241, Document No. 1.) In Count One, Movant and co-defendants were charged with conspiring to distribute a quantity of marijuana, a Schedule I controlled substance, 50 grams or more of cocaine base, also known as "crack," 5 kilograms or more of cocaine, also know as "coke," and a quantity of hydromorphone, Schedule II controlled substances, in violation of 21 U.S.C. § 846. (Id.) In Count Two, Movant was charged with aiding and abetting the distribution of 5 grams or more of cocaine base, also know as "crack," a Schedule II controlled substance, in

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. In Counts Three and Four, Movant was charged with knowingly and intentionally distributing 5 grams or more of cocaine base, also known as "crack," a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). (Id.) Following a jury trial conducted on May 5 - 7, 2003, Movant was convicted of Counts One, Two, Three, and Four. (Id., Document Nos. 259 and 261.) A Presentence Investigation Report was prepared. (Id., Document No. 330.) The District Court determined that Movant had a Base Offense Level of 38, and a Total Offense Level of 40, having applied a two-level enhancement for possession of a firearm. (Id., Document No. 335.) The District Court ordered that Movant serve a 360-month term of incarceration as to each count to run concurrently, to be followed by a five-year term of supervised release. (Id., Document No. 336.) The District Court also imposed a $5,000 fine and a $400 special assessment. (Id.)

On December 5, 2003, Movant, by counsel, filed a Notice of Appeal. (Id., Document No. 340.) In his appeal, Movant argued that (1) the District Court erred in finding that the jury selection process in the Southern District of West Virginia did not render Movant's trial unconstitutional, despite the fact that neither the jury venire nor the jury panel contained African-Americans; (2) the District Court erred in failing to order a *sua sponte* mistrial or other corrective action based upon an ex parte communication between the Assistant United States Attorney and a witness's supervising probation officer during trial; (3) the District Court abused its discretion in denying co-defendant's proposed jury instruction on aiding and abetting; and (4) the District Court erred in its calculation of drug weights in determining Movant's base offense level, and in applying a two-point enhancement pursuant to U.S.S.G. § 2D1.1(b)(1). United States v. Anthony, 138 Fed.Appx. 591 (4th Cir. Jul. 12, 2005). On July 21, 2005, the Fourth Circuit affirmed Movant's convictions, vacated his sentences, and remanded the matter for resentencing in accordance with United States v. Booker, 543 U.S. 220,

125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005).[2] United States v. Anthony, 138 Fed.Appx. 591, 597 (4th Cir. 2005).

The District Court resentenced Movant on November 29, 2005, to a 360-month term of incarceration as to each count, to run concurrently. (Criminal Action No. 1:02-0241, Document No. 457.) The District Court further imposed a 5-year term of supervised release as to each count, to run concurrently. (Id.) On December 20, 2005, Movant, by counsel, filed his Notice of Appeal. (Id., Document No. 458.) In his appeal, Movant argued that (1) the District Court erred in applying a preponderance of the evidence standard of proof in resentencing; (2) the 100:1 crack/powder cocaine differential in the advisory guidelines was unconstitutional and unreasonable in the wake of Booker; (3) the District Court erred in imposing the same sentence previously imposed, and (4) the District Court erred in imposing a sentence that resulted in an unwarranted disparity in violation of 18 U.S.C. § 3553(a)(6). On October 13, 2006, the Fourth Circuit affirmed Movant's sentence. United States v. Anthony, 202 Fed.Appx. 617 (4th Cir. 2006). Movant filed a petition for certiorari on January 8, 2007. On June 29, 2007, the United States Supreme Court denied Movant's petition for certiorari. Anthony v. United States, 551 U.S. 1168, 127 S.Ct. 3058, 168 L.Ed.2d 769 (2007).

On January 18, 2008, Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil No. 1:08-0047, Document No. 507.) As grounds for *habeas* relief, Movant alleges as follows: (1) "Testimonies of the Witnesses: The witnesses' testimonies were unsure and not credible, and they contradicted themselves" (Id., p.

---

[2] Specifically, the Fourth Circuit found as follows: "The district court sentenced Anthony and Scott by applying the guidelines as a mandatory determinant in sentencing and based upon facts not authorized by the jury's findings. In light of the change in the law, we conclude that the district court erred in determining Appellants' sentences." *United States v. Anthony*, 138 Fed.Appx. 591, 597 (4th Cir. 2005).

4.); (2) "The Jury Verdict: The jury found me guilty for a total of 42.7 grams of cocaine base, but I received a sentence for 15 - 20 pounds of cocaine base" (Id., p. 5.); (3) "Guideline Range: When I appealed my case to the 4th Circuit Court of Appeals they said based solely on the Indictment, i.e. facts found by the jury the drug amount would yield a base offense level of thirty-two with a resultant un-enhanced guideline range of 188 - 235 months" (Id., p. 7.); and (4) "Weapon Enhancement: I was enhanced for a firearm I never had. It belonged to a co-defendant. I was incarcerated on a state charge when he possessed the firearm (April 16, 2002)" (Id., p. 8.).

On March 11, 2008, Movant filed a Motion for Retroactive Application of Sentencing Guidelines regarding his Crack Cocaine Offense.[3] (Criminal Action No. 1:02-0241, Document No. 510.) By Memorandum Opinion and Judgment Order entered on September 3, 2009, the District Court designated Movant for standard consideration and directed the Federal Public Defender's Office to appoint counsel. (Id., Document No. 535.) On September 14, 2009, the government filed its Response arguing that "[b]ecause the amendments do not result in a reduction of the defendant's guideline range, he is not eligible for a sentence reduction." (Id., Document No. 536.) On September 16, 2009, Movant, by counsel, filed a "Memorandum of Defendant" stating that "[b]ecause Mr. Scott's sentencing range has not been lowered by the amendments to the Guidelines, counsel reluctantly agrees with the Government and concedes that Mr. Scott is not eligible for a reduction of his sentence in this case." (Id., Document No. 537.) Movant's Motion is currently pending before the District Court.

---

[3] On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. This retroactivity produces the opportunity for offenders to file motions under 18 U.S.C. § 3582(c)(2) seeking sentence reductions.

**DISCUSSION**

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); See also United States

v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

      1.    **Claim that Witnesses were Not Creditable.**

In Ground One, Movant contends that his conviction should be overturned because "the witnesses' testimonies were unsure and not credible, and they contradicted themselves." (Civil Action No. 1:08-0047, Document No. 507, p. 4.) A claim is procedurally defaulted by failing to raise it on direct appeal. It is well settled that non-constitutional issues that could have been raised on direct appeal, but were not, may not be raised in a collateral attack such as a Section 2255 Motion. Bousley v. United States, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); Stone v. Powell, 428 U.S. 465, 477, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); Sunal v. Large, 332 U.S. 174, 178 - 179, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). Courts have reasoned that "a final judgment commands respect" such that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Examples of procedurally defaulted issues include errors of law committed by the trial court, such as "the existence of evidence to support any conviction, irregularities in the grand jury procedure, departure from a statutory grant of time in which to prepare for trial, and other errors in trial procedure which do not cross jurisdictional lines." Sunal, 332 U.S. at 179, 67 S.Ct. at 1591. Based on the foregoing, the undersigned finds that Movant waived his above claim because it is a non-constitutional claim, which he failed to raise on direct appeal. See Norris

v. United States, 687 F.2d 899, 900 (7th Cir. 1982)(finding that petitioner waived his non-constitutional claim concerning the credibility of a witness because he failed to raise the issue on direct appeal). Movant filed an appeal challenging his conviction and sentence. Therefore, Movant could have raised the issue on direct appeal, but did not.

    **2.**    **Claim that Sentence was Unconstitutional.**

In Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. See Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974). The undersigned notes that Grounds Two and Three of Movant's substantive challenges to his sentence represent an improper attempt to re-litigate issues fully resolved on appeal. The Court will address below each of Movant's grounds for relief.

By asserting that his sentence is improperly based upon facts found by the District Court and not by a jury, Movant is claiming that his sentence is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005). In Ground Two, Movant contends that the District Court sentenced him for 15 - 20 pounds of cocaine base, but "the jury found [him] guilty for a total of 42.7 grams." (Civil Action No. 1:08-0047, Document No. 507, p. 5.) In Ground Three, Movant states that "[w]hen I appealed my case to the 4th Circuit Court of Appeals, they said based solely on the Indictment, i.e. facts found by the jury, the drug amount would yield a base offense level of thirty-two with a resultant unenhanced guideline range of 188 - 235 months." (Id., p. 7.) The above issue

was raised on direct appeal and the Fourth Circuit vacated Movant's sentence and remanded for re-sentencing based upon Booker. The Fourth Circuit addressed the issue as follows:

> In this case, as in *Hughes*, the district court sentenced Anthony and Scott by applying the guidelines as a mandatory determinant in sentencing and based upon facts not authorized by the jury's findings. In light of the change in the law, we conclude that the district court erred in determining Appellants' sentences . . . we vacate their sentences and remand to the district court for resentencing in accordance with *Booker* and *Hughes*.

Anthony, 138 Fed.Appx. at 597. Subsequently, the District Court resentenced Movant to the same sentence. The above issue was raised on Movant's second appeal and specifically rejected by the Fourth Circuit. The Fourth Circuit addressed the issue as follows:

> Appellants also contend that the district court erred by applying a "*de facto* mandatory Guidelines standard*"* in resentencing them to the same sentence. During the resentencing hearing, the district judge clearly and accurately enunciated this court's directive on remand, as well as its statutory and legal obligations in resentencing Appellants, considered the arguments of counsel, and decided that its original findings did not need to be altered. We will affirm a post-*Booker* sentence if it is both reasonable and within the statutorily prescribed range. *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). As Appellants' sentences are within the properly calculated advisory guideline range, they are presumptively reasonable, *see United States v. Green*, 436 F.3d 449, 457 (4th Cir.), *cert. denied*, 547 U.S. 1156, 126 S.Ct. 2309, 164 L.Ed.2d 828 (2006), and we find Appellants' conclusory assertions on appeal to be insufficient to overcome the presumption.

Anthony, 202 Fed.Appx. at 619. Therefore, Movant's above claims are procedurally barred because Movant is seeking to revisit the same issues that were rejected on direct appeal without directing the Court to any intervening change in law which authorizes him to do so.[4]

---

[4] To the extent Movant alleges that the Grounds Two and Three were not specifically raised on direct appeal, the undersigned finds the claims to be waived. *See United States v. Jones*, 125 F.3d 849 (4th Cir. 1997)(Petitioner waived his non-constitutional claim that the drug quantities attributed to him in the presentence report were erroneous because he failed to raise the issue at sentencing or on direct appeal); *Hunter v. United States*, 160 F.3d 1109, 1115 (1998)(Petitioner's relevant conduct and criminal history issues were non-constitutional errors, which were procedurally defaulted).

### 3. **Claim of Error in the Application of the Sentencing Guidelines.**

In Ground Four, Movant claims that the District Court improperly applied a two-level sentencing enhancement pursuant to U.S.S.G. § 2D1.1(b)(1), for possession of a firearm. (Civil Action No. 1:08-0047, Document No. 507, p. 8.) Claims of errors under the Sentencing Guidelines, however, are generally not cognizable under Section 2255. The Fourth Circuit has explained as follows:

> [B]arring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding. Section 2255 provides relief for cases in which 'the sentence was in excess of the maximum authorized by law.' Thus, while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines.

United States v. Pregent, 190 F.3d 279, 283 - 84 (4th Cir. 1999). Movant's sentence in the instant case did not exceed the statutory maximum authorized by his convictions (life).[5] The undersigned further notes that Movant was sentenced at the bottom of the guideline range.[6] Therefore, the undersigned finds that Movant's claim that the District Court improperly applied the Sentencing Guidelines to be without merit.

### PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned respectfully proposes that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody

---

[5] The statutory penalties for Movant's convictions were as follows: (1) 20 years to life as to Count One; and (2) ten years to life as to each of Counts Two, Three, and Four. *See* 21 U.S.C. § 841(b)(1)(A) - (B).

[6] The undersigned notes that even assuming that the two-point weapons enhancement should be removed, Movant's guideline range remains unaffected (360 months to life).

(Document No. 507.) and **REMOVE** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant and to counsel of record.

Date: June 22, 2010.

R. Clarke VanDervort
United States Magistrate Judge