```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

CARLOS DEAN SCOTT,

    Plaintiff,

v.                                         CIVIL ACTION NO. 1:08-0047
                                                                    (Criminal No. 1:02-000241)

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

        Pending before the court is plaintiff's motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. By Standing Order, the action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings of fact and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge VanDervort submitted his Findings and Recommendation to the court on June 22, 2010, in which he recommended that the court dismiss plaintiff's motion under 28 U.S.C. § 2255, and remove the matter from the court's docket.

        In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days plus three mailing days in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendations. By Order entered July 16, 2010, the court granted plaintiff's motion for additional time and plaintiff was given additional time to file his objections. On

July 26, 2010, plaintiff filed his objections. With respect to those objections, the court has conducted a de novo review.

In his § 2255 motion, Scott listed the following four grounds for habeas relief:

1) That the testimony of the witnesses against him was not credible;

2) That he was sentenced based on a drug quantity that was unsupported by the jury's verdict;

3) That his sentencing guideline range, as calculated by the district court, was incorrect; and

4) That he improperly received a weapons enhancement at sentencing.

Magistrate Judge VanDervort found that Scott was not entitled to habeas relief. As to the first ground concerning the credibility of witnesses, Magistrate Judge VanDervort found that said claim was procedurally defaulted based on Scott's failure to raise it in a direct appeal. The remaining grounds for relief were all challenges to Scott's sentence and Magistrate Judge VanDervort concluded that they were raised on appeal and rejected. He also noted that claims of error in sentencing are generally not cognizable under 28 U.S.C. § 2255.

In his objections, plaintiff attempts to avoid dismissal of his motion to vacate by arguing that any procedural default is due to the ineffectiveness of his counsel. For example, he attributes his failure to raise the witness credibility issue on

appeal to deficient performance on the part of his attorney.  See Objections at 2.  In his motion, Scott stated that he did not raise the issue on appeal because "my attorney didn't think it was a good issue."  Plaintiff's Motion to Vacate Under 28 U.S.C. § 2255 at 5.

At the outset, the court agrees with Magistrate Judge VanDervort that Scott's first ground for relief "amounts to nothing more than a challenge to the credibility of witnesses at his trial, an issue that cannot be raised for the first time on collateral attack."  Hinshaw v. United States, 2010 WL 569948, *9 (N.D. Ill. 2010); see also Norris v. United States, 687 F.2d 899, 900 (7th Cir. 1982) ("[T]he credibility of a witness is not a constitutional issue.").

However, even if it were not procedurally defaulted, Scott cannot meet his high burden of showing that if the claim were advanced it would entitle him to habeas relief.  At trial, Scott was represented by able counsel who presented a vigorous defense which included attacking the credibility of the government's witnesses.  "The question of credibility was thus put before the jury, and `our adversary system reposes judgment of the credibility of all witnesses in the jury.'"  Mazzell v. Evatt, 88 F.3d 263, 270-71 (4th Cir. 1996) (quoting Brooks v. Tennessee, 406 U.S. 605, 611 (1972)); see also United States v. Scheffer, 523 U.S. 303, 313 (1998) ("A fundamental premise of our

3

criminal trial system is that the jury is the lie detector.") (internal citations and quotations omitted) (emphasis in original); United States v. Jimenez, 2007 WL 2122102, *1 (4th Cir. 2002) ("[I]t is well established that the question of witness credibility is within the sole province of the jury and not susceptible to review.").

The court has also considered Scott's claim that his counsel was ineffective for failing to raise the witness credibility issue on direct appeal. The standards established by the United States Supreme Court in determining whether a defendant was denied his Sixth Amendment right to effective assistance of counsel are set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). Under Strickland, a plaintiff must show (1) that counsel's performance was so deficient that it fell below an objective standard of reasonableness, and (2) that counsel's deficiency resulted in prejudice so as to render the results of the trial unreliable. Id. at 687-91. Counsel's performance is entitled to a presumption of reasonableness. Id. Thus, a habeas plaintiff challenging his conviction on the grounds of ineffective assistance must overcome a strong presumption that the challenged actions constituted sound trial strategies. Id. at 689. The Court in Strickland cautioned against the ease in second-guessing counsel's unsuccessful assistance after the adverse conviction and sentence are entered.

4

Id. The Fourth Circuit Court of Appeals specifically recognized that ineffective assistance of counsel may not be established by a "Monday morning quarterbacking" review of counsel's choice of trial strategy. Stamper v. Muncie, 944 F.2d 170, 178 (4th Cir. 1991), cert. denied, 506 U.S. 1087 (1993).

A criminal defendant's right to effective assistance of counsel requires that counsel be provided for the direct appeal of a criminal conviction. Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc)

> In applying the [Strickland] test to claims of ineffective assistance of counsel on appeal, however, reviewing courts must accord appellate counsel the presumption that he decided which issues were most likely to afford relief on appeal. Counsel is not obligated to assert all nonfrivolous issues on appeal, as there can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review. Indeed, winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy. Although recognizing that notwithstanding Barnes, it is still possible to bring a Strickland claim based on counsel's failure to raise a particular claim on direct appeal, the Supreme Court has recently reiterated that it will be difficult to demonstrate that counsel was incompetent. Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.

Id. (internal citations and quotation omitted). As our court of appeals has elaborated, "a discussion with the defendant regarding a direct appeal and what issues to pursue (if any) is

critical, as `multiplying assignments of error will dilute and weaken a good case and will not save a bad one.'" <u>Frazer v. South Carolina</u>, 430 F.3d 696, 705 (4th Cir. 2005) (quoting <u>Jones v. Barnes</u>, 463 U.S. 745, 752 (1983)).

Under the foregoing standard, it is clear that Scott's counsel was not ineffective for failing to pursue the witness credibility issue on appeal. Scott pursued a number of issues on appeal and, as he makes clear in his § 2255 motion, the reason behind the failure to pursue the credibility issue was counsel's advice to advance only the strongest arguments on appeals. Given "that counsel need not raise every colorable claim on appeal" and the fact that "counsel has some latitude to decide what issues are to be pressed on appeal," <u>Cole v. Branker</u>, 2008 WL 5999766, *9 (4th Cir. 2008), Scott cannot show that his attorney's conduct was objectively unreasonable.

Finally, the court finds no error in Magistrate Judge VanDervort's conclusion that the alleged errors in Scott's sentencing cannot be raised in this proceeding.

> Barring extraordinary circumstances, however, an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding. Section 2255 provides relief for cases in which the sentence was in excess of the maximum authorized by law. Thus, while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines.

United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999) (internal quotations and citations omitted); see also United States v. Mikalajunas, 186 F.3d 490, 496-97 (4th Cir. 1999) ("[T]he mere misinterpretation or application of a guideline provision generally does not amount to a miscarriage of justice that warrants relief under § 2255.").

      For the reasons expressed herein, plaintiff's objections are OVERRULED. Accordingly, the court adopts the Findings and Recommendations of Magistrate Judge VanDervort, **DISMISSES** plaintiff's motion under 28 U.S.C. § 2255, and directs the Clerk to remove the matter from the court's docket.

      Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court DENIES a certificate of appealability.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and to plaintiff, pro se.

IT IS SO ORDERED this 29th day of March, 2011.

ENTER:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge